STATE OF LOUISIANA IN     *      NO. 2025-CA-0633
THE INTEREST OF N.G.

                        *

                               COURT OF APPEAL

                        *

                               FOURTH CIRCUIT

                        *

                               STATE OF LOUISIANA

                 * * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2025-076-01-TR, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Tiffany Gautier Chase)


Tanzanika Ruffin
ATTORNEY AT LAW
2601 Tulane Avenue
New Orleans, LA 70119


      COUNSEL FOR APPELLANT/NICKOLAS STOCKPOOLE


Jules A. Fontana, III
M. Kathryn Mitchell
DEPARTMENT OF CHILDREN AND FAMILY SERVICES
BUREAU OF GENERAL COUNSEL
1450 Poydras Street, Suite 1600
New Orleans, LA 70112


      COUNSEL FOR APPELLEE/STATE OF LOUISIANA


                                       **AFFIRMED**
                             **DECEMBER 12, 2025**

The appellant, Nickolas Stackpoole, appeals the juvenile court's judgment terminating his parental rights as to his minor child, N.G.[1]  For the reasons that follow, we affirm the juvenile court's judgment.

**FACTS AND PROCEDURAL HISTORY**

Ten-month old N.G. was exposed to fentanyl, lidocaine, and methamphetamines on April 6-7, 2023.  He was treated for cardiac arrest.  On April 7, 2023, N.G. was adjudicated as a Child in Need of Care as to the father and the State of Louisiana, Department of Children and Family Services ("DCFS") obtained custody of N.G. and removed the child from the mother's home.  N.G.'s father, Nickolas Stackpoole, was incarcerated at the time DCFS retained custody of N.G.

Mr. Stackpoole remained incarcerated throughout the duration of the Child in Need of Care ("CINC") proceedings as well as the Termination of Parental Rights ("TPR") proceedings.  Following a disposition hearing, the court issued a

---

[1] This appeal only involves the termination of the parental rights of N.G.'s father, Nickolas Stackpoole.  The issue of the termination of the parental rights of N.G.'s mother is not before this Court.

judgment on July 13, 2023, where it approved the case plan and specifically detailed each parent's duties. Mr. Stackpoole did not complete any portion of the case plan.

A termination hearing was held on June 23, 2025, where the court heard testimony from the parties and DCFS introduced the prior CINC judgments *in globo* and N.G.'s Mississippi birth certificate, and the court admitted these exhibits into evidence. In a judgment dated June 23, 2025, the court concluded the father had not substantially complied with the court-approved case plan, found the child had been in DCFS custody more than one year, and terminated the father's parental rights under La. Ch.C. art. 1015(5). It is from this judgment that Mr. Stackpoole appeals.

**DISCUSSION**

On appeal, Mr. Stackpoole raises the following assignments of error: (1) the trial court erred in finding statutory grounds for termination under La. Ch.C. art. 1015(5) where the State failed to prove a court-filed, court-approved case plan and failed to approve by clear and convincing evidence appellant's substantial non-compliance; and (2) the trial court erred in terminating appellant's rights while he was incarcerated because DCFS did not comply with the mandatory notice/assessment requirements of La. Ch.C. art. 1036.2 before measuring statutory time or seeking termination.

The appropriate standard of appellate review for a TPR proceeding is manifest error. *State, In the Interest of L.R.S.*, 38,812-JAC, p. 7 (La. 6/23/04), 877

So.2d 1040, 1045-46. Appellate review is only *de novo* when the trial court applies incorrect prejudicial principles of law. *Id.* at 1046.

Termination of parental rights is appropriate when the evidence satisfies any one of the statutory grounds for termination under La. Ch.C. art, 1015. *See State, In the Interest of J.H. v. R.F.H.*, 572 So.2d 629 (La. App. 3 Cir. 1990); *State, In the Interest of Townzen*, 527 So.2d 579 (La. App. 3 Cir. 1988); *State, In the Interest of Jones*, 567 So.2d 664 (La. App. 4 Cir. 1990). La. Ch.C. art. 1015 provides that termination of the parental rights must be granted if all elements of any one of the alleged sections of the termination statute was proven by "clear and convincing evidence." *State, In the Interest of C.P.*, 463 So.2d 899, 904 (La. App. 2 Cir, 1985). "'Clear and convincing' evidence needs more than a 'preponderance,' but less than 'beyond a reasonable doubt.'" *State, In the Interest of G.K.*, 24-0163, p. 9 (La. App. 4 Cir. 6/26/24), 399 So.3d 433, 440, *writ denied*, 24-00947 (La. 9/17/24), 392 So.3d 891 (citations omitted). The existence of the disputed fact must be highly probable or much more probable than its nonexistence under the "'clear and convincing'" standard. *Id.*, pp. 9-10, 399 So.3d at 440 (citations omitted).

La. Ch.C. art. 1015(5) provides:

The grounds for termination of parental rights are:

(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or

3

conduct in the near future, considering the child's age and his need for a safe, stable and permanent home.

The Louisiana Supreme Court has held:

> More than simply protecting parental rights, our judicial system is required to protect the children's rights to thrive and survive. Furthermore, a child has an interest in the termination of rights that prevent adoption and inhibit that child's establishment of secure, stable long term, continuous family relationships. While the interest of a parent is protected in a termination proceeding by enforcing the procedural rules enacted to insure that parental rights are not thoughtlessly severed, those interests must ultimately yield to the paramount best interest of the children.

*State, In the Interest of S.M.*, 98-0922, pp. 14-15 (La. 10/20/98), 719 So.2d 445, 452 (internal citations omitted).

Mr. Stackpoole contends that La. Ch.C. art. 1015(5) does not apply in this case because there is no proof that he ever received the case plan. However, it is undisputed that Mr. Stackpoole was represented by counsel and attended, in some form, five hearings which discussed his case plan and the details of his case plan, including the hearing where the court approved of the case plan and read aloud his duties into the record, all memorialized by the July 13, 2023 judgment. Also, Ms. Simone Hulbert, the DCFS foster care worker who inherited this case, testified that she sent the case plan via certified mail to Mr. Stackpoole to ensure that he had a copy. As such, Mr. Stackpoole was well aware of the court approved case plan, but failed to make any showing that he tried to comply with the plan. Accordingly, based on the above, Mr. Stackpoole's first assignment of error is without merit.

Mr. Stackpoole's argument based on La. Ch.C. art. 1036.2 is a misconstrued interpretation of the law, particularly considering the fact that the termination of

4

his parental rights occurred on the ground listed in La. Ch.C. art. 1015(5), not La. Ch.C. art. 1036.2[2].

Mr. Stackpoole's argument fails to recognize the purpose of La. Ch.C. 1036.2 and how noncompliance with La. Ch.C. art. 1036.2 would result in possible termination of parental rights under La. Ch.C. art. 1015(6)[3]. La. Ch.C. art. 1036.2 pertains to whether an incarcerated parent (adjudicated or not) has a plan of custody for the for the child while they are incarcerated in order for that child to avoid foster care, and if such plan is not provided, termination of parental rights under 1015(6) may be applicable. La. Ch.C. art. 1036.2 has nothing to do with the case plan provided to an incarcerated parent and is irrelevant in arguing why the termination found under La. Ch.C. art. 1015(5) should be reversed. Mr.

_____

[2] In pertinent part, La. Ch.C. art. 1036.2 provides as follows:
  A. An incarcerated parent of a child in the custody of the department shall provide a reasonable plan for the appropriate care of his child other than foster care. Failure by the incarcerated parent to provide an appropriate plan may result in an action to terminate his parental rights.
  B. Within thirty days of notification that a parent of a child in foster care is incarcerated in this state, a representative of the department shall visit the incarcerated parent and give written notification to the incarcerated parent of his duty to provide a reasonable plan for the appropriate care of the child. The department, at that time, shall obtain information regarding the plan, including the names, addresses, cellular numbers, telephone numbers, and other contact information of every potential suitable alternative caregiver.
  C. The incarcerated parent shall provide the department with the required information in writing within sixty days of receipt of the notification form. During that period, a parent may submit additional information or names of other caregivers using the form attached to the notice. The department shall provide the parent with a stamped, self-addressed envelope for this purpose. No additional caregiver names will be accepted after the expiration of the sixty-day period, as evidenced by a postmark.
  D. The department shall conduct an assessment of the persons named as caregivers by the incarcerated parent and shall notify the parent within ten days of the completion of the assessment whether the persons named are willing and able to offer a wholesome and stable environment for the child.

[3] La. Ch.C. art. 1015(6) provides:
  The grounds for termination of parental rights are:
  (6) The child is in the custody of the department pursuant to a court order or placement by the parent; the parent has been convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time, considering the child's age and his need for a safe, stable, and permanent home; and despite notice by the department, the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.

Stackpoole was provided a case plan and did not comply with it, and as a result, his rights were terminated under La. Ch.C. art 1015(5). Accordingly, we find that Mr. Stackpoole's second assignment of error is also without merit.

**CONCLUSION**

For the above and foregoing reasons, the juvenile court's judgment terminating the appellant's parental rights as to N.G. is affirmed.

**AFFIRMED**